UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL JOSEPH,
     Plaintiff,
vs.

P.D.K.N. P-4, LLC,
     Defendants.

## COMPLAINT

Plaintiff, MICHAEL JOSEPH (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendant P.D.K.N. P-4, LLC (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     Defendant's violations of Title III of the ADA exist at a place of public accommodation and at the property and business subject to this action which is located at 3115 NE 32ND AVENUE, FORT LAUDERDALE, FL 33308 ("Subject Property").

## PARTIES

3.     Plaintiff, MICHAEL JOSEPH, is a resident of Broward County, Florida and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Due to an injury in 2003, Plaintiff has been bound to ambulate in a wheelchair. Plaintiff has visited the Subject Property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the

goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Subject Property, including but not limited, to those set forth in the Complaint.

4.　　　Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Subject Property regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Subject Property. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Subject Property, encountered barriers to access at the Subject Property, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

5.　　　Defendant, P.D.K.N. P-4, LLC transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 3115 NE 32ND AVENUE, FORT LAUDERDALE, FL 33308 ("Subject Property").

6.      Defendant, P.D.K.N. P-4, LLC transacts business in the State of Florida and within this judicial district.  Defendant is the owner and/or operator of the sports bar and grill known as BOKAMPER'S, which is the subject of this action, located on or about 3115 NE 32ND AVENUE, FORT LAUDERDALE, FL 33308 ("Subject Property").

7.      The Subject Property is in an area frequently traveled by Plaintiff.

8.      The Defendant's Subject Property is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

9.      In this instance, Plaintiff visited the Subject Property and encountered barriers to access at the Subject Property, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

10.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Property and the actions or inactions described herein.

11.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Property are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12.     Plaintiff has attempted to and has, to the extent possible, accessed the Subject Property, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that restrict and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

13.     Plaintiff intends to visit the Subject Property again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Property, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that restrict and/or limit his access to the Subject Property and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

14.     Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff.

15.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property include:

**PARKING AREA:**
- PARKING SPACE SIGN IDENTIFYING THE ACCESSIBLE VAN PARKING SPACE NOT
- PROVIDED AS REQUIRED.

**ADAAG 208 Parking Spaces**

**ADAAG 208.1 General.**

Where parking spaces are provided, parking spaces shall be provided in accordance with 208.

**ADAAG 208.2 Minimum Number.**

Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking facility is provided on site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

**ADAAG 208.2.4 Van Parking Spaces.**

For every six or fraction of six parking spaces required by 208.2 to comply with 502, at least one shall be a van parking space complying with 502.

**ADAAG 502.6 Identification.**

Parking space identification signs shall include the International Symbol of Accessibility complying with 703.7.2.1. Signs identifying van parking spaces shall contain the designation "van accessible." Signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign.

**DINING AREA:**
- INACCESSIBLE DINING TABLES LOCATED AT DOCKSIDE DINING AREA.
- REQUIRED MINIMUM KNEE TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT DOCKSIDE DINING AREA.
- A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT DOCKSIDE DINING AREA.

**ADAAG 226 Dining Surfaces and Work Surfaces**

**ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces**

**ADAAG 902.1 General.**

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, ,the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

- THE FIRST OF TWO INTERIOR BARS IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF THE FIRST OF TWO INTERIOR BARS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT THE FIRST OF TWO INTERIOR BARS.

- PORTION OF THE FIRST OF TWO INTERIOR BARS REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces**

**ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces**

**ADAAG 902.1 General**.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**Advisory 902.1 General.**

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 902.3 Height.**

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches

(865 mm) maximum above the finish floor or ground.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

**ADAAG 306.3 Knee Clearance.**

**ADAAG 306.3.3 Minimum Required Depth.**

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**

Knee clearance shall be 30 inches (760 mm) wide minimum.

- THE SECOND OF TWO INTERIOR BARS IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF THE SECOND OF TWO INTERIOR BARS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT THE SECOND OF TWO INTERIOR BARS.
- PORTION OF THE SECOND OF TWO INTERIOR BARS REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces**

**ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces**

**ADAAG 902.1 General**.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**Advisory 902.1 General.**

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided.

Knee and toe clearance complying with 306 shall be provided.

**ADAAG 902.3 Height.**

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches

(865 mm) maximum above the finish floor or ground.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

**ADAAG 306.3 Knee Clearance.**

**ADAAG 306.3.3 Minimum Required Depth.**

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**

Knee clearance shall be 30 inches (760 mm) wide minimum.

- INACCESSIBLE SUSHI AND RAW BAR DINING COUNTER LOCATED AT INTERIOR DINING AREA.
- NON-COMPLIANT HEIGHT OF SUSHI AND RAW BAR DINING COUNTER LOCATED AT INTERIOR DINING AREA EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT SUSHI AND RAW BAR DINING COUNTER LOCATED AT INTERIOR DINING AREA.
- PORTION OF SUSHI AND RAW BAR DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces**

**ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces**

**ADAAG 902.1 General**.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**Advisory 902.1 General.**

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 902.3 Height.**

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches

(865 mm) maximum above the finish floor or ground.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

**ADAAG 306.3 Knee Clearance.**

**ADAAG 306.3.3 Minimum Required Depth.**

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**

Knee clearance shall be 30 inches (760 mm) wide minimum.

- EXTERIOR WATERFRONT BAR IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF EXTERIOR WATERFRONT BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT EXTERIOR WATERFRONT BAR.

PORTION OF EXTERIOR WATERFRONT BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces**

**ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces**

**ADAAG 902.1 General**.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**Advisory 902.1 General.**

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 902.3 Height.**

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches

(865 mm) maximum above the finish floor or ground.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

**ADAAG 306.3 Knee Clearance.**

**ADAAG 306.3.3 Minimum Required Depth.**

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**

- Knee clearance shall be 30 inches (760 mm) wide minimum.
- INSULATION OF PIPES AND WATER LINES UNDER THE FIRST OF TWO LAVATORIES IN RESTROOM NOT PROVIDED AS REQUIRED.

**ADAAG 606 Lavatories and Sinks.**

**ADAAG 606.5 Exposed Pipes and Surfaces**.

Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured
to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

**RESTROOMS:**

- THE FIRST OF TWO TOILET COMPARTMENTS IN MEN'S RESTROOM IS INACCESSIBLE.
- REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF THE FIRST OF TWO TOILET COMPARTMENTS IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**
**ADAAG 604.8 Toilet Compartments.**
Wheelchair accessible toilet compartments shall meet the requirements of 604.8.1 and 604.8.3.
Compartments containing more than one plumbing fixture shall comply with 603.
Ambulatory accessible compartments shall comply with 604.8.2 and 604.8.3.
**ADAAG 604.8.1.2 Doors.**
Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.
Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.
**ADAAG 404.2.3 Clear Width.**
Door openings shall provide a clear width of 32 inches (815 mm) minimum.
Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

- REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF THE FIRST
- OF TWO TOILET COMPARTMENTS IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**
**ADAAG 604.8 Toilet Compartments.**
Wheelchair accessible toilet compartments shall meet the requirements of 604.8.1 and 604.8.3.
Compartments containing more than one plumbing fixture shall comply with 603.
Ambulatory accessible compartments shall comply with 604.8.2 and 604.8.3.
**ADAAG 604.8.1.2 Doors.**
Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.
Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be

placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

**ADAAG 404.2.4 Maneuvering Clearances.**

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.

Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

- REQUIRED MINIMUM SPACE NOT PROVIDED IN THE FIRST OF TWO TOILET COMPARTMENTS

IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**

**ADAAG 604.8 Toilet Compartments.**

Wheelchair accessible toilet compartments shall meet the requirements of 604.8.1 and 604.8.3.

Compartments containing more than one plumbing fixture shall comply with 603. Ambulatory accessible compartments shall comply with 604.8.2 and 604.8.3.

**ADAAG 604.8.1.1 Size.**

Wheelchair accessible compartments shall be 60 inches (1525 mm) wide minimum measured perpendicular to the side wall, and 56 inches (1420 mm) deep minimum for wall hung water closets and 59 inches (1500 mm) deep minimum for floor mounted water closets measured perpendicular mto the rear wall.

- INACCESSIBLE WATER CLOSET IN THE FIRST OF TWO TOILET COMPARTMENTS IN MEN'S
- RESTROOM.

REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN THE FIRST OF

TWO TOILET COMPARTMENTS IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments**

**ADAAG 604.3 Clearance.**

Clearances around water closets and in toilet compartments shall comply with 604.3.

**ADAAG 604.3.1 Size.**

Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET

IN THE FIRST OF TWO TOILET COMPARTMENTS IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments**

**ADAAG 604.5 Grab Bars.**

Grab bars for water closets shall comply with 609.

Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

- NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET
- SEAT OF WATER CLOSET IN THE FIRST OF TWO TOILET COMPARTMENTS IN MEN'S
- RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**

**ADAAG Advisory 604.6 Flush Controls.**

If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

SELF-CLOSING DOOR NOT PROVIDED AS REQUIRED AT THE SECOND OF TWO TOILET

COMPARTMENTS IN MEN'S RESTROOM

**ADAAG 604 Water Closets and Toilet Compartments.**

**ADAAG 604.8 Toilet Compartments.**

Wheelchair accessible toilet compartments shall meet the requirements of 604.8.1 and 604.8.3.

Compartments containing more than one plumbing fixture shall comply with 603.

Ambulatory accessible compartments shall comply with 604.8.2 and 604.8.3.

**ADAAG 604.8.1.2 Doors.**

Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.

Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

- NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET
- SEAT OF WATER CLOSET IN THE SECOND OF TWO TOILET COMPARTMENTS IN MEN'S
- RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**

**ADAAG Advisory 604.6 Flush Controls.**

If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

- INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN THE SECOND OF TWO
- TOILET COMPARTMENTS IN MEN'S RESTROOM NOT PROVIDED AS REQUIRED.

**ADAAG 606 Lavatories and Sinks.**

**ADAAG 606.5 Exposed Pipes and Surfaces**.

Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

16.     The above listing is not to be considered all-inclusive of the barriers, conditions or

violations encountered by Plaintiff and/or which exist at the Subject Property. Plaintiff requires

Page **11** of **13**

an inspection of the Subject Property in order to determine all of the discriminatory acts violating the ADA.

17.     Plaintiff has attempted to gain access to the Subject Property, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

18.     Plaintiff, in his capacity as a tester, will absolutely return to the Subject Property when Defendant modifies the Subject Property or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

19.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

20.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those set forth herein.

21.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

22.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Property until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the Subject Property to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Property until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com